FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

97 NOV 25  AM 10: 22

U.S. DISTRICT COURT
N.D. OF ALABAMA

BOBBY D. CLAYTON,                    )
     Plaintiff;                     )
                                    )
-vs.-                                )          No. CV 96-P-2156-S
                                    )
ALABAMA POWER COMPANY,               )
     Defendant.                     )
                                    )

ENTERED

NOV 2 5 1997

**OPINION**

Defendant Alabama Power Company ("APCo") filed a Motion for Summary Judgment that was considered at a prior motion docket. For the following reasons, the Defendant's Motion for Summary Judgment is due to be GRANTED.

Facts[1]

The plaintiff, Bobby Clayton ("Clayton") was employed by defendant APCo as the building attendant at its Hueytown office. On May 12, 1995 Clayton was discharged for alleged performance insufficiencies. While Clayton was still employed by APCo, fellow employees told him that his immediate supervisor, Don Nichols, had complained that APCo had hired an "old man" as the building attendant. Clayton was fifty-four years old when he was discharged. Following Clayton's termination, APCo hired a cleaning service to perform Clayton's former duties.

---

1. The recitation of "facts" is based upon the presented materials viewed in the light most favorable to the plaintiff.

17

<u>Analysis</u>

A plaintiff may establish a prima facie case of age discrimination under the ADEA by either presenting direct evidence of discriminatory intent, demonstrating a statistical pattern of discrimination, or by satisfying a modified version of the "McDonnell Douglas" test.   The plaintiff has introduced no  direct or statistical evidence of discrimination.  In the absence of such evidence, a plaintiff may  establish a prima facie case by showing  that he was within the statutorily protected age group, was subject to adverse employment action, was replaced by a person outside the protected group and was qualified to  do the work.  *Verbraeken v. Westinghouse Elec. Corp,*  881 F. 2d 1041, 1045 (11th Cir. 1989).  Clayton cannot meet this modified "McDonnell Douglass" test because he has not asserted that he was replaced by a person outside the protected group.  However, the Eleventh Circuit has not always rigidly applied these four elements.  *Id; Carter v. City of Miami*, 870 F.2d 578, 582-583.  In *Alphin v. Sears, Roebuck & Co*, 940 F.2d 1497, 1501, the Eleventh Circuit substituted the requirement that the plaintiff be replaced by a person outside the protected class with the more general requirement that the plaintiff show "evidence by which a fact finder might reasonably conclude that the employer intended to discriminate on the basis of age. . ."  The Plaintiff asserts that Mr. Nichols' "old man" comment constitutes substantial evidence of APCo's intent to discriminate.  The court finds that this statement, viewed in a light most favorable to Mr. Clayton and presumed admissible for these purposes, is not sufficient evidence upon which  a reasonable fact finder could conclude that APCo acted with an intent to discriminate.  Because Mr. Clayton is unable to establish the existence of a prima facie case of age discrimination, the Defendant's Motion For Summary Judgment is due to be granted.

2

Dated: November 25, 1997

_____
Chief Judge Sam C. Pointer, Jr.

Service List:
     Edward S. Allen
     Lisa J. Sharp
     Donald R. James, Jr.

3